Case 4:24-cv-00551   Document 21   Filed on 11/19/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN LUNA, *et al.*, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-551 |
| § | |
| PHH MORTGAGE CORPORATION, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Juan Luna ("Luna") and Raquel Spinoso ("Spinoso"), filed this lawsuit in Texas state court to prevent Defendant, PHH Mortgage Corporation ("PHH"), from foreclosing on their home. (Dkt. 1-4). PHH has now moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have neither amended their pleading nor responded to PHH's motion, and their counsel has moved to withdraw. The motion to dismiss and the motion to withdraw (Dkt. 13; Dkt. 18) are both **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

### FACTUAL AND PROCEDURAL BACKGROUND

PHH holds the mortgage on Plaintiffs' home. (Dkt. 1-4 at p. 3). After PHH commenced a non-judicial foreclosure, Plaintiffs filed this lawsuit in Texas state court and obtained a temporary restraining order halting a planned foreclosure sale. (Dkt. 1-5). PHH then removed the case to this Court. (Dkt. 1).

In their live pleading, Plaintiffs assert causes of action against PHH for breach of contract and violations of the Texas Debt Collection Act ("TDCA"). (Dkt. 1-4 at p. 4). The

facts provided in support of those claims are sparse. Plaintiffs allege that they have "contacted [PHH] disputing the debt amount" and that PHH "responded with a payment history." (Dkt. 1-4 at p. 3). Plaintiffs further allege that they "attempted to contact [PHH] for a payoff statement and reinstatement letter" but that PHH "has not provided Plaintiffs with either document." (Dkt. 1-4 at p. 3). Finally, Plaintiffs allege that PHH has "continued to harass Plaintiffs by continuous, [sic] placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number and other various violations under [the TDCA]." (Dkt. 1-4 at p. 4).

In its motion to dismiss, PHH contends that Plaintiffs' allegations fail to state a claim upon which relief can be granted.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
>
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

In their live pleading, Plaintiffs assert causes of action against PHH for breach of contract and violations of the TDCA. Plaintiffs have not pled sufficient facts to show that they are entitled to relief on either claim.

### —Breach of contract

Plaintiffs have failed to state a claim for breach of contract. "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith International, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quotation marks

and brackets omitted). "[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 238 (5th Cir. 2014); *see also Guajardo v. JP Morgan Chase Bank, N.A.*, 605 Fed. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of a breach-of-contract claim when the plaintiffs "generally claimed that [the defendant] breached the terms of the mortgage agreement and deed of trust but did not specify which provisions or obligations" the defendant breached). "Moreover, if . . . plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper." *Williams*, 560 Fed. App'x at 238.

For at least three reasons, Plaintiffs' factual allegations do not establish the elements of a breach-of-contract claim under Texas law. First, Plaintiffs have "failed to allege the manner in which [PHH] breached the mortgage agreement or identify which provision of the deed of trust [PHH] allegedly breached." *Guajardo*, 605 Fed. App'x at 244 (quotation marks omitted). Second, Plaintiffs have not alleged that they were current on their mortgage payments. Although their live pleading indicates that they "contacted [PHH] disputing the debt amount" and "attempted to contact [PHH] for a payoff statement and reinstatement letter," Plaintiffs do not provide facts sufficient to establish that they had made all of the required loan payments; instead, Plaintiffs' allegations seem to show that they had fallen behind on their payments and were merely contesting the amount of the past-due balance that they would have to pay to reinstate their loan. (Dkt. 1-4 at p. 3). And third, Plaintiffs have not alleged that they suffered any damages. "There is no evidence in the record that a foreclosure sale ever took place, and Plaintiffs appear to have retained

possession of the property[,]" so Plaintiffs' allegations do not establish that they sustained damages as a result of PHH's alleged breach. *Johnson v. Bank of America, N.A.*, No. 4:13-CV-2029, 2014 WL 4923970, at *8 (S.D. Tex. Sept. 30, 2014).[1]

Plaintiffs' factual allegations provide no support for the second, third, or fourth elements of their breach-of-contract claim. Accordingly, Plaintiffs have failed to state a claim for breach of contract.

### —The TDCA

Plaintiffs have also failed to state a claim for violations of the TDCA. Plaintiffs allege that PHH has "continued to harass Plaintiffs by continuous, [sic] placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number and other various violations under [the TDCA]." (Dkt. 1-4 at p. 4). Plaintiffs' allegations are insufficient to establish that PHH made telephone calls to Plaintiffs with the intent to annoy, harass, or threaten them, which is fatal to their TDCA claims. *See* Tex. Fin. Code §§ 392.302(2), 392.302(4).

In order to demonstrate that PHH made phone calls to Plaintiffs with the requisite intent, Plaintiffs must show "both a great volume of phone calls and extenuating circumstances, such as making those calls at odd hours or threatening personal violence."

---

[1] Plaintiffs make a passing reference in their pleading to mental anguish. (Dkt. 1-4 at p. 6). "Texas law generally does not allow mental anguish damages for breach of contract." *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 866 (5th Cir. 1999). A limited exception exists for breaches of "contracts dealing with intensely emotional noncommercial subjects such as preparing a corpse for burial or delivering news of a family emergency." *Butler v. Delta Air Lines, Inc.*, No. 4:15-CV-3682, 2017 WL 9249492, at *7 (S.D. Tex. July 26, 2017), *adopted*, 2017 WL 4003429 (S.D. Tex. Sept. 12, 2017). Plaintiffs' allegations are not sufficient to bring their breach-of-contract claims within that limited exception.

*Robinson v. Wells Fargo Bank, N.A.*, 576 Fed. App'x 358, 362 (5th Cir. 2014) (footnote omitted). Plaintiffs' pleading provides no information whatsoever regarding how many calls they received, the substance of the phone calls, or the circumstances surrounding the calls. Accordingly, Plaintiffs' factual allegations do not show that PHH's telephone calls rose to the level of harassment that is actionable under the TDCA. *See Salas v. Ford Motor Credit Co., LLC*, No. 1:18-CV-748, 2019 WL 4453712, at *2 (W.D. Tex. Sept. 17, 2019) ("Salas alleges only that Ford called her 'continuously' and that she received 'not less than 125 phone calls' after she demanded Ford stop calling her. . . . Salas has not pleaded any facts to show Ford made calls at odd hours or that any of these calls threatened personal violence. Merely asserting that Ford acted 'with the intent of annoying and harassing her' absent such facts is not enough."); *Johnson v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 4:16-CV-575, 2016 WL 10587724, at *6 (S.D. Tex. Aug. 25, 2016) ("Plaintiff has alleged that Chase placed thirteen calls to Plaintiff's Cell over a twenty-one month period from July 2014 through April 2016—or, alternatively, twelve calls over a four-month period from January through April 2016. These facts alone are insufficient to plead 'repeated or continuous' calls with an 'intent to harass.' . . . Plaintiff makes no allegation regarding the substance of the calls and has not alleged any hostility, profanity, threat of violence, or other harassing conduct by Chase or its agents.").

## CONCLUSION

The motion to dismiss filed by Defendant PHH Mortgage Corporation (Dkt. 13) is **GRANTED**. The motion to withdraw filed by counsel for Plaintiffs (Dkt. 18) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on November 19, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE